# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIGUEL LEGASPY, | 1:11-cv-02135-AWI-MJS (PC) |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS FOR DISMISSAL OF PLAINTIFF'S COMPLAINT FOR FAILURE TO OBEY A COURT ORDER |
| v. | |
| REGISTERED NURSE SELLER, et al., | (ECF Nos. 2 & 6) |
| Defendants. | OBJECTIONS DUE WITHIN FOURTEEN DAYS |

Plaintiff Miguel Legaspy ("Plaintiff") is a former state prisoner proceeding pro se in this civil rights actions pursuant to 42 U.S.C. § 1983.

On January 4, 2012, the Court issued an Order, ordering Plaintiff to either submit an application to proceed in forma pauperis or pay the filing fee within forty-five days. (ECF No. 2.) When Plaintiff failed to comply, the Court issued another Order, again ordering Plaintiff to either submit an application to proceed in forma pauperis or pay the filing fee within forty-five days. (ECF No. 6.) Plaintiff was supposed to respond by May 14, 2012. (Id.) May 14, 2012, has passed without Plaintiff responding to the Court's Orders.

In addition, on April 9, 2012, a notice issued by the Court on April 3, 2012 was

1  returned by the U.S. Postal Service as undeliverable to Plaintiff.  Pursuant to Local Rule
2  183(b), a party appearing in propria persona is required to keep the Court apprised of his
3  or her current address at all times.  Local Rule 183(b) provides, in pertinent part:
4  > If mail directed to a plaintiff in propria persona by the Clerk is returned by the U.S. Postal Service, and if such plaintiff fails
5  > to notify the Court and opposing parties within sixty-three (63) days thereafter of a current address, the Court may dismiss
6  > the action without prejudice for failure to prosecute.
7  In the instant case, over 63 days have passed since Plaintiff's mail was returned, and he
8  has not notified the Court of a current address.
9        Local Rule 110 provides that "failure of counsel or of a party to comply with these
10  Rules or with any order of the Court may be grounds for imposition by the Court of any
11  and all sanctions . . . within the inherent power of the Court."  District courts have the
12  inherent power to control their dockets and "in the exercise of that power, they may
13  impose sanctions including, where appropriate . . . dismissal of a case."  Thompson v.
14  Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986).  A court may dismiss an action, with
15  prejudice, based on a party's failure to prosecute an action, failure to obey a court order,
16  or failure to comply with local rules.  See, e.g., Ghazali v. Moran, 46 F.3d 52, 53-54 (9th
17  Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d
18  1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring
19  amendment of a complaint); Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988)
20  (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court
21  apprised of address); Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987)
22  (dismissal for failure to comply with a court order); Henderson v. Duncan, 779 F.2d 1421,
23  1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local
24  rules).
25        In determining whether to dismiss an action for lack of prosecution, failure to obey
26  a court order, or failure to comply with local rules, the Court must consider several factors:
27
28

(1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. Thompson, 782 F.2d at 831; Henderson, 779 F.2d at 1423-24; Malone, 833 F.2d at 130; Ferdik, 963 F.2d at 1260-61; Ghazali, 46 F.3d at 53.

In the instant case, the Court finds that the public's interest in expeditiously resolving this litigation and the Court's interest in managing its docket weigh in favor of dismissal. The third factor, risk of prejudice to defendants, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. Anderson v. Air West, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor -- public policy favoring disposition of cases on their merits -- is greatly outweighed by the factors in favor of dismissal discussed herein. Finally, a court's warning to a party that his failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement. Ferdik v. Bonzelet, 963 F.2d at 1262; Malone, 833 at 132-33; Henderson, 779 F.2d at 1424. The Court's Order expressly stated: "Failure to comply with this Order will result in dismissal of this action." (ECF No. 6.) Thus, Plaintiff had adequate warning that dismissal would result from his noncompliance with the Court's Order.

Based on the foregoing, the Court RECOMMENDS that this action be DISMISSED based on Plaintiff's failure to obey a court order.

These Findings and Recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within fourteen (14) days after being served with these Findings and Recommendations, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the

1  specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Y1 st</u>,
2  951 F.2d 1153 (9th Cir. 1991).

5  IT IS SO ORDERED.

6  Dated:   June 27, 2012                           /s/ *Michael J. Seng*
                                                    UNITED STATES MAGISTRATE JUDGE